# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| TAMARA LYNN SCHAKE,<br><br>      Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,<br>Commissioner of Social Security,<br><br>      Defendant. | No. 16-CV-2113-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Plaintiff Tamara Lynn Schake's Objections (docket no. 22) to United States Chief Magistrate Judge C.J. Williams's Report and Recommendation (docket no. 21), which recommends that the court affirm Defendant Commissioner of Social Security's ("Commissioner") final decision to deny disability benefits to Schake.

## *II. PROCEDURAL HISTORY*

On November 14, 2016, Schake filed a Complaint (docket no. 3), seeking judicial review of the Commissioner's final decision denying Schake's application for Title II disability insurance benefits and Title XVI Supplemental Security Income ("SSI"). On January 23, 2017, the Commissioner filed an Answer (docket no. 8). On May 12, 2017, Schake filed the Plaintiff's Brief (docket no. 15). On July 25, 2017, the Commissioner filed the Defendant's Brief (docket no. 18). On August 3, 2017, Schake filed a Reply (docket no. 19). On August 4, 2017, the matter was referred to Judge Williams for issuance of a report and recommendation. On September 7, 2017, Judge Williams issued the Report and Recommendation. On September 12, 2017, Schake filed the Objections.

On September 27, 2017, the Commissioner filed a Response (docket no. 23) to the Objections. The matter is fully submitted and ready for decision.

### III. STANDARD OF REVIEW

#### A. Review of Final Decision

When the Commissioner adopts an Administrative Law Judge's ("ALJ") findings and conclusions as its final decision, the final decision is subject to judicial review. *See* 42 U.S.C. § 405(g). The court "will affirm the Commissioner's decision if supported by substantial evidence on the record as a whole." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). "Substantial evidence is 'less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion.'" *Id.* (alteration omitted) (quoting *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)). In determining whether substantial evidence supports the Commissioner's decision, the court "consider[s] the evidence that supports the Commissioner's decision as well as the evidence that detracts from it." *Jones*, 619 F.3d at 968 (quoting *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010)). A court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choice.'" *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007) (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)). "If, after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions," the court must affirm the Commissioner's decision. *Anderson*, 696 F.3d at 793.

When reviewing the Commissioner's decision, the court "must judge the propriety of such action solely by the grounds invoked by the agency" and may not affirm the decision based on a post hoc rationale that "it considers to be a more adequate or proper basis." *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also, e.g.*, *Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014) (applying *Chenery* analysis in the context of social security benefits); *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (same); *Strom v. Astrue*, Civil No. 07-150, 2008 WL 583690, at *27 (D. Minn.

Mar. 3, 2008) (same). In other words, "'a reviewing court may not uphold an agency decision based on reasons not articulated by the agency,' when 'the agency has failed to make a necessary determination of fact or policy' upon which the court's alternative basis is premised." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) (alterations omitted) (quoting *HealthEast Bethesda Lutheran Hosp. & Rehab. Ctr. v. Shalala*, 164 F.3d 415, 418 (8th Cir. 1998)).

### B. *Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must review de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court reviews the unobjected-to portions of the proposed findings or recommendations for "plain error." *See United States v. Rodriguez*, 484 F.3d 1006, 1010-11 (8th Cir. 2007) (noting that, where a party does not file objections to a magistrate's

3

report and recommendation, the party waives the right to de novo review and the court will review the decision for plain error).

## IV. ANALYSIS

In the Objections, Schake argues that: (1) Judge Williams did not apply the correct standard of review; (2) the ALJ and Judge Williams improperly weighed medical opinions in the record; (3) the ALJ and Judge Williams improperly concluded that Schake lacked credibility; and (4) that Judge Williams improperly expanded the "zone of choice" in concluding that substantial evidence on the record as a whole supported the ALJ's decision. *See* Objections at 1-5.

After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record ("AR") (docket nos. 9-1 through 9-16), the court shall overrule the Objections. Contrary to Schake's assertion in her first objection, Judge Williams articulated the correct standard of review. *See* Report and Recommendation at 7 ("The Commissioner's decision must be affirmed 'if it is supported by substantial evidence on the record as a whole.' . . . The [c]ourt considers both evidence that supports the Commissioner's decision and evidence that detracts from it." (quoting *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006))). Judge Williams correctly applied the standard when he concluded that "substantial evidence in the record as a whole does support the weight the ALJ afforded the opinions of the various medical sources." *Id.* at 14. Further, Judge Williams's statements that the court "does not reweigh the evidence presented to the ALJ" and "defer[s] to the ALJ's credibility determination[s]" are correct statements of the law. *Id.* 8, 16 (quotations omitted); *see also Johnson v. Colvin*, 788 F.3d 870, 872 (8th Cir. 2015). Schake does not point the court to any specific portions of the Report and Recommendation where this standard was not properly applied and the court finds none. Therefore, the court shall overrule the first objection.

Schake's second objection consists of an assertion that the ALJ and Judge Williams ignored "long held and crucial rules" regarding the weight to be given to the opinions of medical professionals. Objections at 2-3. Schake contends that the ALJ failed to give a "good reason" for disregarding the treating source opinion. *Id*. at 3. Contrary to Schake's assertion, the court finds that the ALJ did not err in discounting the opinions of Dr. Deborah Garrelts and Nurse Practitioner Vicki Boling. *See* AR at 28. Dr. Garrelts's opinion consisted of two checked boxes indicating that "the patient [is] still unable to engage in substantial and gainful activity," and that "there is [no] planned medical treatment, therapy or surgical intervention scheduled for th[e] patient that will result in improvement to the diagnosis." AR at 836. "[A] treating physician's opinion that a claimant is 'disabled' or 'unable to work,' does not carry 'any special significance,' because it invades the province of the Commissioner to make the ultimate determination of disability." *Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009) (quoting 20 C.F.R. § 416.927(e)(1), (3)). Additionally, nothing indicates that Dr. Garrelts's opinion was supported by medically acceptable diagnostic testing, no explanation was provided in support of these conclusions and the ALJ could reasonably have found that this opinion was inconsistent with other substantial evidence in the record. *See id*. ("[A]n ALJ must give a treating physician's medical opinion controlling weight if it is well supported by medically acceptable diagnostic testing and not inconsistent with other substantial evidence in the record."). The ALJ also concluded that Nurse Practitioner Boling was not an acceptable medical source, and thus, her opinion was entitled to no weight. *See* AR at 28. Further, the ALJ concluded that "[t]he opinions of the State agency psychologists [should be] given significant weight . . . as [they were] supported by the record as a whole." *Id*. This determination was supported by the record, is permissible under the law and was within the purview of the ALJ. *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("It is the ALJ's function to resolve conflicts among 'the various treating and examining

physicians.'" (quoting *Bentley v. Shalala*, 52 F.3d 784, 785 (8th Cir. 1995))); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009) ("[A]n ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough medical evidence." (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1014 (8th Cir. 2000))). Therefore, the court shall overrule the second objection.

Schake's third objection amounts to a request that the court reweigh the evidence relied upon by the ALJ. *See* Objections at 3-4. Essentially, Schake contends that the ALJ improperly concluded that she lacked credibility. *Id*. The ALJ appropriately discussed the factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), in his decision, and ultimately concluded that "[Schake's] statements, and those of her parents, concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely credible." AR at 23. The ALJ noted that the objective medical evidence did not support the degree of severity of Schake's subjective complaints in a number of respects. *See id*. at 25 (noting that on one occasion Schake had "arrived [at the hospital] by ambulance . . . with shortness of breath," but "was feeling better and just wanted to go home" at the time of her assessment); *id*. at 27 (stating that Schake "was treated in the emergency room with acute left flank pain, having arrived by ambulance" complaining of "chest pressure and nausea," but at the time of assessment she only had flank pain and "[n]othing acute was found on urinalysis or by CT scan . . . so she was discharged"); *id*. at 29 (noting that, for purposes of the fibromyalgia diagnosis, all of Schake's control points were positive, indicating an exaggeration of symptoms).

The ALJ also found that, contrary to Schake's testimony, the evidence indicated that she spent time caring for her grandchildren in Minnesota. *See id*. at 25-27. Further, Schake's statements regarding her physical weakness in performing daily activities and her difficulty walking were also not supported by any medical evidence. *See id*. at 29-30. The ALJ also noted that Schake's "report that she has trouble being able to focus to complete

6

a sentence . . . was not evident at the hearing." *Id*. at 29. As such, the ALJ's determination that Schake lacked credibility was based on the medical record evidence, her contradictory testimony and the ALJ's observations at the hearing. "[T]he ALJ 'is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations.'" *Heino*, 578 F.3d at 881 (quoting *Polaski*, 739 F.2d at 1322). However, "[s]ubjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Id*. (quoting *Polaski*, 739 F.2d at 1322). Here, the ALJ's credibility determination was supported by substantial evidence in the record as a whole. Therefore, the court shall overrule the third objection.

Schake's final objection is that Judge Williams expanded the "zone of choice" in recommending that the court affirm the decision of the ALJ. *See* Objections at 4-5. Upon review of the record, the court finds that the ALJ's decision was within the permissible zone of choice and Judge Williams did not expand the zone of choice. The court is not at liberty to reverse the ALJ's decision merely because there is conflicting evidence in the record below, or even because the court would independently reach a different conclusion. *See Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) ("A decision is not outside that 'zone of choice' simply because [the court] may have reached a different conclusion had [the court] been the fact finder in the first instance."); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) ("[E]ven if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence in the record as a whole."). Upon review, the court finds that the record as a whole supported the ALJ's determinations. The ALJ's conclusion that benefits should be denied was supported by substantial evidence. Therefore, the court shall overrule the fourth objection.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

7

(1) The Objections (docket no. 22) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 21) is **ADOPTED** and the final decision of the Commissioner is **AFFIRMED**; and

(3) The Complaint (docket no. 3) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 19th day of March, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA